SUGG, Justice, for the Court.
The Commissioner of Insurance of the State of Mississippi appealed from a judgment of the Circuit Court of the First Judicial District of Hinds County reversing his decision denying an application of Jackson Production Credit Association for an incorporated insurance agency license, and denying Hal Mabry Terry, Jr. and Jeffrey Kirk Herron, employees of the PCA, the right to take an examination to obtain privilege licenses to write property and casualty insurance.
Jackson PCA was organized under the Farm Credit Act of 1971, 12 U.S.C. §§ 2001, et seq. which permits organization of PCAs by ten or more local farmers or ranchers, and is one of the ten production credit associations in Mississippi. When incorporated, Jackson PCA became a federally chartered corporation subject to the regulations of the Federal Intermediate Credit Bank for this district and the Farm Credit Administration.
Jackson PCA is owned by the farmers and ranchers which utilize or have utilized its services. Under the Farm Credit Act a borrower is required to own, at the time any loan is made to him, voting stock in the Jackson PCA. Jackson PCA obtains funds to lend from its paid-in capital and from the Federal Intermediate Credit Bank of New Orleans. The Federal Intermediate Credit Bank of New Orleans obtains its funds from the investing public through the sale of bonds and other obligations. The U.S. Government neither provides any of the operating or lending funds nor guarantees any of the obligations of the farm credit system.
The objective of the Jackson PCA is to improve the income and well being of farmers and ranchers by furnishing sound, adequate, and constructive credit and closely related services. It has been granted broad general corporate powers to accomplish the purposes of the Farm Credit system, and is specifically authorized to provide short term and intermediate term loans and other related financial services to farmers and ranchers for agricultural purposes, and rural residents for financing housing in rural areas. 12 U.S.C. § 2096. In addition, it may provide technical assistance to members and make available to each of them, at their option, such financially related services appropriate to on-farm operations as is determined feasible by the board of directors of each district under regulations of Farm Credit Administration. 12 U.S.C. § 2097.
The Board of Directors of the Fifth Farm Credit District, the district in which Mississippi is located, determined that legal authority exists and adopted the findings necessary to allow production credit associations in Mississippi to write property and casualty insurance for their members. This action has been approved by the Farm Credit Administration. Jackson PCA proposed to provide the service of writing property and casualty insurance, for its members and members of the Federal Land Bank Association after obtaining a license as an incorporated insurance agency and after having Terry and Herron licensed as agents to solicit, service, and write the property and casualty insurance. Commissions derived from policies of insurance written by these agents will be used by Jackson PCA in the same way other corporate income is used. This will include payment of operating expenses and distribution of net earnings to shareholders.
In order to write property and casualty insurance for its members, Jackson PCA, together with Terry and Herron, filed applications for an incorporated agency license under section 27-15-85 Mississippi Code Annotated (Supp.1978) and for individual *MCXXX agents licensed under sections 83-17-201, et seq., Mississippi Code Annotated (1972). On the same date, August 30, 1978, Old Republic Insurance Company requested that Terry and Herron be issued agent’s certificates of authority.
The Commissioner refused to issue the license applied for so the applicants requested a hearing before the Commissioner pursuant to sections 83-17-221 and 83-17-223 Mississippi Code Annotated (1972). After a hearing on September 29, 1978, the Commissioner declined to issue the licenses applied for.
The Commissioner declined to issue a license to Jackson PCA for four reasons which will be discussed separately.
I. Jackson Production Credit Association would serve only its member/shareholders and not the general public, and, thus, the licensing of Jackson Production Credit Association would violate Section 83-17-203 of the Mississippi Code of 1972, Annotated, because it would not be actively engaged in soliciting and servicing the insurance-buying public as agent individually or as bona fide employee of an agent or agency. The proof shows that Jackson PCA will
not solicit insurance from the general public but will solicit insurance only from its members and members of the Federal Land Bank Association. Section 83-17-203 does not require an agent to solicit insurance from the general public, neither does it prohibit an agent from soliciting business from persons in specified classes only. The Commissioner was not authorized to deny a license to Jackson PCA under this section simply because it does not intend to solicit insurance from the general public but will limit solicitation to its members and members of the Federal Land Bank Association.
II. Jackson Production Credit Association would be seeking a license for the purpose of acquiring or saving commissions, premiums or other valuable considerations on “controlled business”, “that is, on policies of insurance to be issued to himself, his relatives, business associates, employers or employees, or in which they or either of them have an interest,” in violation of Section 83-17-205(3).
Section 83-17-205(3) provides:
No license shall be issued to any applicant nor shall the commissioner of insurance issue a renewal of any license as agent or solicitor until the new or renewal applicant shall file an affidavit with the commissioner of insurance that the applicant shall in good faith engage in the insurance business as agent or solicitor, and that he is not seeking a license for the purpose of acquiring or saving commissions, premiums, or other valuable considerations on “controlled business,” that is, on policies of insurance to be issued to himself or to his relatives, business associates, employers, or employees, or in which they or either of them have an interest. The title retained in connection with conditional sales or title retention contracts shall not be construed to constitute “an interest” in the seller within the meaning of this article. A violation of this provision of this section shall be deemed to be probable if the commissioner finds that during any twelvemonth period aggregate commissions or other compensations accruing in favor of the applicant based upon the insurance procured or to be procured by or through the applicant with respect to his own interests or those of his family, relatives, employers, employees, or business associates, as set out above, have exceeded or will exceed thirty-five per cent (35%) of the aggregate amount of commissions or compensations accruing to him as agent or his agency during said period of time.
Nothing herein contained shall be deemed to prohibit the licensing under a limited license as to motor vehicle physical damage insurance, any person employed by or associated with a motor vehicle sales agency with respect to insurance on a motor vehicle sold, serviced or financed by it. Whenever employment is terminated of any such person employed by or associated with any such agency, the commissioner of insurance shall be notified, and the said license shall be can-celled immediately.
*MCXXXI It is further provided that the provisions of this section likewise shall not apply with respect to the interest of a real estate mortgagee in or as to insurance covering such interest, or in the real estate subject to such mortgage.
At the outset, it should be noted that Jackson PCA filed the affidavit with the Commissioner required by section 83-17-205(3). Jackson PCA is owned by approximately 650 individuals who are now, or have been in the past, borrowers from it. The stockholders elect a board of directors who conduct the business of the association through duly selected officials. Jackson PCA will not issue insurance to itself, nor to any of its members, but only to its stockholders, also called members, and to members of the Federal Land Bank Association. Furthermore, the members of the Jackson PCA and of the Federal Land Bank Association are under no compulsion to purchase insurance from Jackson PCA but may purchase insurance from agents of their choice.
The Commissioner argues that the stockholders of Jackson PCA are business associates of the association, and issuance of policies to them would constitute “controlled business” in violation of sections 83-17-203 and 83-17-205(3). We are of the opinion that stockholders in Jackson PCA are not business associates of the association but are merely owners of the stock of the corporation. Could it be seriously argued that a stockholder of General Motors is a business associate of General Motors merely because he is a stockholder? The answer is no; ownership of stock in a corporation does not make the stockholder a business associate of the corporation.
III. Jackson Production Credit Association would be unjustly and unlawfully discriminating against the insurance-buying public by allowing a selected group to benefit from the commissions earned from the sale of insurance to the exclusion of the insurance-buying public in violation of Sections 83-3-33 and 83-3-121.
Sections 83-3-33 and 83-3-121 prohibit fire insurance companies and casualty insurance companies, and agents, from paying or allowing any rebate, discount, abatement, credit, or reduction of the premium specified in a policy of insurance. The proof does not show that Jackson PCA will allow rebates, discounts or other inducements to purchase insurance. It is admitted that the commissions derived from the sale of the policies will be used by Jackson PCA as any other corporate income is used. Although the income derived from the sale of policies will contribute to the net earnings of Jackson PCA, distribution of net earnings of the corporation to its stockholders does not violate these sections.
The Commissioner of Insurance is authorized to supervise agents, and if Jackson PCA should violate these two sections, the Commissioner could revoke its license.
The Commissioner also found that Jackson PCA was seeking a license for the purpose of acquiring or saving commissions, premiums or other valuable considerations on controlled business. Income derived from the commissions on insurance policies issued by Jackson PCA will be used as other corporate income including distribution of net earnings to the stockholders in the form of dividends. It does not follow from the fact that dividends to stockholders may be increased from this source, that Jackson PCA is seeking a license for the purpose of saving commissions or premiums for its stockholders. Such income is merely another source of corporate income. Also, members of Federal Land Bank Associations will not share in any distribution of the net earnings of Jackson PCA, so a license issued to it would not save commissions or premiums to these persons.
IV. Jackson Production Credit Association provides the same activities provided by banks and is a “lending institution” which is prohibited from obtaining a license by Section 83-17-229.
Section 83-17-227 Mississippi Code Annotated (Supp.1978) provides in part:
For the purpose of sections 83-17-227 through 83-17-233, the following definitions shall apply:
(a) “Lending institution” means any bank or savings and loan association.
*MCXXXII Jackson PCA is not a bank, although the Commissioner argues strenuously to the contrary. Although it is a lending institution, it is not a lending institution prohibited by statute from obtaining a license as an insurance agent.
The legislature has seen fit to limit the definition of lending institutions to banks and savings and loan associations. Therefore, the provisions of section 83-17-229 prohibiting lending institutions in any municipality having a population of 7,000 or more from being licensed to sell insurance in this state has no application.
The Court may not expand the definition of “lending institution” contained in section 83-17-227. If the Commissioner is of the opinion that production credit associations should be included in the definition of lending institutions under this statute, his recourse is with the legislature, not the courts.
This concludes our discussion of the four reasons assigned by the Commissioner for declining to issue a license as an incorporated insurance agent to Jackson PCA. We hold that the Commissioner erred because none of the reasons assigned by him constitute grounds for denial of the license.
In addition, the Commissioner contends Jackson PCA lacks corporate authority to obtain a license to write property and casualty insurance in Mississippi. This argument is advanced by the Commissioner although there was a stipulation at the hearing that production credit associations had legal authority to offer property and casualty insurance as a financially related service under the Farm Credit Act of 1971. Although the Commissioner entered into this stipulation, we have made an independent examination of the record to determine if Jackson PCA has corporate authority to obtain a license to issue property and casualty insurance as a financially related service.
The Articles of Incorporation of the Jackson PCA provide:
Third: The general nature of the business of the corporation and the objects and purposes proposed to be transacted, promoted, or carried on by it, which shall also be construed as powers, are as follows, to wit:
1. To have and exercise all authority and powers, and to do and perform all acts and to transact and conduct all business which legally may be had or done by production credit associations organized and chartered under. and in accordance with the Farm Credit Act of 1933, as it exists or may be amended, and to do all other things incident thereto, and necessary and proper in connection therewith, within such territory as may be prescribed by the Governor; and particularly, but without limiting the generality of the foregoing.
As previously noted in this opinion, production credit associations may render such financially related services determined feasible by the board of directors of each farm credit district under the regulations of the Farm Credit Administration. 12 U.S.C. § 2097. The Farm Credit Administration approved the Collateral Insurance Program [1] proposed by the Federal Intermediate Credit Bank of New Orleans, which subsequently authorized the production credit associations in the Fifth District to write property and casualty insurance. We find that corporate authority exists in Jackson PCA to obtain a license to write property and casualty insurance in the territory served by it.
The Commissioner declined to permit Terry and Herron to take the examination and obtain a privilege license to write property and casualty insurance for the sole reason that commissions received by Terry and Herron would be paid to Jackson PCA, and since Jackson PCA was not granted a license as an incorporated insurance agency, Terry and Herron could not pay commissions to an unlicensed corporation. The circuit court directed that Jackson PCA be granted a license as an incorporated insur- *MCXXXIII anee agency so the reason for denying Terry and Herron the right to take an examination and obtain a privilege license no longer remained.
For the reasons stated, we affirm the order of the Circuit Court directing issuance of a license to Jackson PCA and directing the Commissioner to permit Terry and Her-ron to take the statutory examination, and upon successful completion thereof, to issue licenses to them as requested.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. Property and casualty insurance is referred to as collateral insurance by the Farm Credit Administration and the New Orleans Federal Intermediate Credit Bank.